Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50120 | **DATE** | 7/7/2003 |
| **CASE TITLE** | LIVINGSTON vs. LANGE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, Livingston's motion to remand is granted and this case is remanded back to the Circuit Court of the Nineteenth Judicial Circuit of Illinois. The Plan's motion to clarify defendant status is now moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL - 7 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7-7-03 | |
| /SEC | courtroom deputy's initials | 03 JUL -7 PM 2:30 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiffs Mark Livingston and his daughter, Susan Livingston, were involved in a car accident with Christopher Lange. On July 22, 2002, the Livingstons filed suit against Lange in an Illinois state court. They claimed Lange was responsible for the injuries they suffered as a result of the collision. Mark Livingston eventually settled with Lange for $100,000 (Susan also settled with Lange, but that is not an issue in this case). However, this settlement occurred after Livingston's insurance company, Wal-Mart Stores, Inc. Associates' Health and Welfare Plan ("Plan"), had paid out $55,690.38 to help cover Livingston's medical bills incurred as a result of the accident. The Plan then filed a lien in state court, claiming it is entitled to reimbursement from the settlement proceeds of the entire amount it paid out. Livingston then filed a petition to adjudicate the lien in state court, requesting that the Plan's lien be reduced by one-third, in accordance with Illinois' common fund doctrine. The Plan then removed the suit to this court pursuant to 28 U.S.C. §§ 1441(a), (b), and (c), alleging that federal question jurisdiction is proper based on 28 U.S.C. § 1331 because it is covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). Specifically, it argues ERISA preempts Livingston's claim under the Illinois common fund doctrine. Livingston disagrees and has filed a motion to remand the case back to state court, pursuant to 28 U.S.C. § 1447(c).

"Ordinarily a court determines whether there is federal question jurisdiction by examining the plaintiff's well pleaded complaint, for 'it is long-settled law that a cause of action arises under federal law only when the plaintiff's well pleaded complaint raise issues of federal law.'" Rice v. Panchal, 65 F.3d 637, 639 (7th Cir. 1995) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). However, "federal preemption that merely serves as a defense to a state law action (sometimes called 'conflict preemption') does not confer federal question jurisdiction." Id.

Claims involving ERISA can be subject to either complete preemption or conflict preemption, depending on which section of the statute is implicated. A claim that falls within the scope of § 502(a) of ERISA, codified at 29 U.S.C. § 1132(a), provides the basis for complete preemption by ERISA while a claim within the scope of § 514(a), 29 U.S.C. § 1144(a), provides the basis for conflict preemption. See id. at 639-40. "The difference between complete preemption under § 502(a) and conflict preemption under § 514(a) is important because complete preemption is an exception to the well-pleaded complaint rule that has jurisdictional consequences . . . . [C]omplete preemption under § 502(a) creates federal question jurisdiction whereas conflict preemption under § 514(a) does not." Id. at 640.

The Seventh Circuit has made it perfectly clear that even if the lien adjudication is treated as a separate action, it is not a proper basis for removal under § 1441(b). See Blackburn v. Sundstrand Corp., 115 F.3d 493, 494-495 (7th Cir.), cert. denied, 522 U.S. 997 (1997) ("Even if we were to treat the petition as inaugurating a separate 'civil action,' removal would have been improper . . . [N]either the original tort action nor the petition to adjudicate adverse claims to the settlement fund sought a payment from the plan. Section 502 is irrelevant").

The Plan relies on Bolden v. Summers, 181 F. Supp. 2d 951 (N.D. Ill. 2002), and Scianna v. Furlong, 56 F. Supp. 2d 1000 (N.D. Ill. 1999), as support for its argument that the lien adjudication is sufficiently separate and independent to make removal proper under § 1441(c). However, this argument is somewhat disingenuous since both cases involved lien adjudications in conjunction with a participant requesting the ERISA plan to provide benefits. Both Judge Moran in Scianna and Judge Bucklo in Bolden stressed it was this claim for payment of benefits that differentiated these cases from the situation in Blackburn. See Scianna, 56 F. Supp. 2d at 1004; Bolden, 181 F. Supp. 2d at 955. Livingston is seeking a lien adjudication, not trying to secure benefits from the Plan. The fact pattern of this case is identical to Blackburn, not either Scianna or Bolden. See also Speciale v. Seybold, 147 F.3d 612, 617 (7th Cir.), cert. denied, 525 U.S. 1017 (1998) ("What remains is simply a determination on the apportionment of the funds under state law."). As a result, this court is not persuaded by the authority offered as support for removal under § 1441(c).[1] This conclusion is consistent with Judge Alesia's decision in Varco v. Lapsis, 172 F. Supp. 2d 985 (N.D. Ill. 2001), which is almost factually identical to the case currently before this court.

Thus, even if the new language in the Plan preempts the Illinois common fund doctrine, it only serves as a defense to Livingston's petition to adjudicate, not as an independent basis for removal.[2] Citing dicta in Blackburn, however, the Plan argues this case is different because the Plan language explicitly requires Plan participants to pay their own legal fees. See Blackburn, 115 F.3d at 496. But as the opinion in Blackburn makes clear, such an argument at most shows there is only conflict preemption under § 514(a), not complete preemption under § 502(a). See id. at 495-96. And as discussed above, conflict preemption is insufficient to confer subject matter jurisdiction on this court.

For the reasons stated above, Livingston's motion to remand is granted and this case is remanded back to the Circuit Court of the Nineteenth Judicial Circuit of Illinois.

The Plan's motion to clarify defendant status is now moot.

---

[1] The court notes that although Blackburn addressed removal under § 1441(b), its rationale is equally applicable to § 1441(c) since the Seventh Circuit stressed that removal is still improper "even if [the court] were to treat the petition as inaugurating a separate civil action" Blackburn, 115 F.3d at 495 (emphasis added).

[2] Even if the Plan had originally filed its lien in federal court, it would be unable to recover any amount in this court, since a contractual claim for money damages is a legal, not an equitable claim. Both the Supreme Court and the Seventh Circuit have made it abundantly clear that, under ERISA, a fiduciary (which the Plan is) is only entitled to equitable relief in federal court. See Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210, 220-21 (2002); Primax Recoveries, Inc. v. Sevilla, 324 F.3d at 544, 547-48 (7th Cir. 2003).